# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAMON RIVERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-11-0173-HE |
| | ) | |
| MIKE MULLIN, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who recommended, *sua sponte*, that petitioner's petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).[1] Because petitioner has objected to the Report and Recommendation, the matter is reviewed *de novo*. 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to provide that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." For petitioner, that period began to accrue when his conviction became "final" for AEDPA limitation purposes on May 14, 2009, ten days from the date petitioner entered his plea

---

[1] As the magistrate judge noted, *"Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition '[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief . . . .'"* Report & Recommendation [Doc. #7].

agreement.[2] However, petitioner did not file this action until February 8, 2011—almost nine months after the one-year limitations period had expired. Consequently, absent a basis for tolling, the petition is untimely under § 2244(d)(1)(A).

Petitioner, in his objection [Doc. #8] to the Report and Recommendation, makes no meaningful effort to contest or even address the timeliness issue that was the basis for the magistrate judge's decision. He offers no basis for tolling the running of the limitations period. Rather, his objection appears to address unrelated matters involved in his, or someone's,[3] claims.

Accordingly, for substantially the same reasons as stated by the magistrate judge, the Report and Recommendation [Doc. #7] is **ADOPTED**, and the petition is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 28th day of June, 2011.

*[signature]*
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*As the magistrate judge noted, the petition indicates petitioner pled guilty, but other documents indicate he pled nolo contendere. In either event, petitioner "does not assert that he timely attempted to withdraw his plea and admits that he did not appeal." Report & Recommendation [Doc. #7].*

[3]*Petitioner's objection is identical to the objection filed by petitioner Mac Clarence Davis Jr., who is also suing Mike Mullin in this court. See* Davis v. Mullin, et al., *No. 11-CV-0334-HE.*